UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:05-90-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Johnathan Lamont Grimes, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion for relief filed in this court pursuant to 28 U.S.C. § 2255. The motion was delivered to prison officials no earlier than September 30, 2008. *See Houston v. Lack*, 487 U.S. 266 (1988). The Government moved for summary judgment on December 11, 2008, contending, *inter alia*, that this motion was untimely filed. This court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), apprising Defendant of his rights and duties as pertains to such a dispositive motion. Defendant has not responded to the Government's motion.

The Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), imposed a one-year statute of limitations on petitions under 28 U.S.C. § 2255. Pursuant to the AEDPA, the limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255. Therefore, unless subject to an exception under the AEDPA, a defendant must file an application for relief under § 2255 within one year of his or her conviction becoming final. When a defendant does not file a notice of appeal, the defendant's conviction becomes final when the time for filing an appeal expires.

Defendant's time to file an appeal expired January 18, 2006. Defendant did not file the instant motion until September 30, 2008, well after his time for doing so had expired.

The Fourth Circuit has held that the AEDPA's time limit is a statute of limitation, not a jurisdictional bar, and therefore "is subject to equitable tolling, at least in principle." *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). However, equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. at 330. Defendant would be entitled to equitable tolling of the statute of limitations period if he "presents (1) extraordinary circumstances, (2) beyond [his] control or external to [his] own conduct, (3) that prevented [him] from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, the Government) prevented Defendant from filing a petition, or extraordinary circumstances beyond Defendant's control made it impossible to timely file the claim. *See Harris*, 209 F.3d at 330. The instant motion meets none of these requirements. Defendant contends that the motion he filed in August 2007 should provide him some relief. However, even if this court were to apply this one day to the time period during which his time was tolled, his motion would still be untimely.

The Government's motion for summary judgment is **granted** and this motion is dismissed as untimely.

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON McGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 22, 2009

C:\Documents and Settings\baw58\Local Settings\Temp\notesE1EF34\05-90 JOhnathan Lamont Grimes e dism as untimely.wpd