IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 0:05-90-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Johnathan Lamont Grimes, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

    This matter is before the court on Defendant's *pro se* motion for a reduction of sentence, filed in this court July 7, 2011. Defendant seeks a reduction of his sentence based on Amendment 706 to the United States Sentencing Guidelines ("Guidelines"). The Government has responded in opposition to Defendant's motion, and Defendant has replied. This matter is ripe for resolution.

    Amendment 706 reduced the Guidelines range for most offenses involving cocaine base, or "crack" cocaine. On August 16, 2005, Defendant pleaded guilty to his involvement in a conspiracy to distribute 50 grams or more of "crack" cocaine, a violation of 21 U.S.C. §§ 841(a)(1) and 846. Title 21 Section 841(b)(1)(A) set the penalty for Defendant's offense, providing that a defendant who has a prior felony drug conviction convicted of this offense shall be imprisoned not less than twenty (20) years.[1] At Defendant's sentencing, held January 3, 2006, Defendant was found to be a career offender, but was granted a departure under U.S.S.G. § 4A1.3(b)(3)(A) based upon an overrepresentation of his criminal history. Defendant's criminal history category was reduced to V, resulting in a guidelines range of 235-293 months' imprisonment. However, because Defendant was required to be sentenced to at least 240 months' imprisonment due to the statutory mandatory minimum, the Guidelines range became 240-293 months' imprisonment. This court sentenced Defendant to 240 months' imprisonment.

    Defendant argues he is entitled to the benefit of Amendment 706 based upon *United States v. Munn*, 595 F.3d 183 (4th Cir. 2010). In *Munn*, the Fourth Circuit Court of Appeals held that "a

---

[1] At the time of Defendant's offense, plea, and conviction, the statutory penalty was based upon a 50-gram or more threshold. Defendant had a prior felony drug offense which subjected him to an enhanced penalty. *See* 21 U.S.C. § 851.

1

defendant's career offender designation does not bar a §3582(c)(2) sentence reduction based on Amendment 706 if (1) the sentencing court granted an Overrepresentation Departure from the career offender guideline range, and (2) the court relied on the Crack Guidelines in calculating the extent of the departure." *Munn*, 595 F.3d at 192.

Defendant received an overrepresentation departure under U.S.S.G. § 4A1.3(b)(3)(A). However, this court did not rely on the crack guidelines in calculating the extent of the departure, as the departure reduced Defendant's criminal history category from VI to V. Additionally, the resulting sentence was thereafter determined by the statutory threshold applicable to Defendant's offense. Therefore, Defendant is ineligible for a reduction under Amendment 706. *See Munn*, 595 F.3d at 187 ("[A] defendant who was convicted of a crack offense but sentenced pursuant to a mandatory statutory minimum sentence is ineligible for a reduction under § 3582(c)(2).").

Defendant's motion is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 15, 2011

2